UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL I. CLUTE, MICHAEL MASON, CLARENCE ADAMS, AND JOHN KAHLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,

Plaintiffs,

v.

V & J EMPLOYMENT SERVICES, INC.,

Defendant.

ECF CASE

No.: 1:16-cv-772 (TJM/CFH)

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiffs Michael Clute, Michael Mason, Clarence Adams, and John Kahler allege on behalf of themselves and other similarly situated current and former employees of V & J Employment Services, Inc., pursuant to Fed. R. Civ. P. 23 (a) and (b), for their willful violations of the New York Labor Law ("N.Y. LAB. LAW") § 196-d.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d) since the putative class includes at least 100 members, minimum diversity exists and the amount in controversy exceeds $5,000,000.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

5. Plaintiff Clute was, at all relevant times, an adult individual residing in Scotia, New York, Schenectady County.

6. Plaintiff Mason was, at all relevant times, an adult individual residing in Esperance, New York, Schoharie County.

7. Plaintiff Adams was, at all relevant times, an adult individual residing in Schenectady, New York, Schenectady County.

8. Plaintiff Kahler was, at all relevant times, an adult individual residing in Schenectady, New York, Schenectady County.

9. V & J Employment is a corporation, organized and existing under the laws of the State of Wisconsin.

10. V & J Employment has, directly or indirectly, hired and fired Plaintiffs and other employees, controlled Plaintiffs' work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

NATURE OF ACTION

11. Under N.Y. LAB. LAW § 196-d, mandatory delivery fees – like what V & J Employment charges its customers – are a gratuity that belongs to the employees.

12. V & J Employment violated N.Y. LAB. LAW § 196-d by retaining some or all of the delivery fees.

## STATEMENT OF FACTS

13. Pizza Hut[1] is an American restaurant chain that offers different styles of pizza along with side dishes including salad, pasta, Buffalo wings, garlic bread and desserts.

14. Pizza Hut of Am. is a subsidiary of Yum! Brands, Inc., the world's largest restaurant company and, has more than 6,000 Pizza Hut restaurants in the United States, and employs more than 160,000 individuals.

15. More than 50 Pizza Hut locations are located within the State of New York.

16. Pizza Hut customers can order pizzas and other items to be delivered to their home through the Pizza Hut website, www.pizzahut.com, the Pizza Hut mobile application (*i.e.*, an application that is accessed while customers use their iPhone, iPad or Galaxy) and by calling the nearest location.

17. The Pizza Hut website and mobile application allow customers to place delivery orders with any Pizza Hut location throughout the United States that makes deliveries, regardless if it is a franchise location.

18. Pizza Hut of Am. LLC grants franchises to operate Pizza Hut restaurants in the State of New York and throughout the United States and sublicenses the use of Pizza Hut of Am.'s trademark to the franchisees.

19. V & J Employment is a Pizza Hut of Am. franchisee and operates multiple Pizza Hut restaurants in the State of New York. According to V & J Employment's website, it is the largest female-owned franchise organization in the United States, the

---

[1] The use of the term "Pizza Hut" is a colloquial reference to the "Pizza Hut" brand name (e.g., Pizza Hut pizza), not to the Pizza Hut of America LLC entity.

largest minority-owned Pizza Hut of Am. franchisee in the United States, and operates more than 60 Pizza Hut of Am. franchise locations.

20. Valerie Daniels Carter is one of the founders and is President and CEO of V & J Holdings, Inc.

21. John Daniels, Jr. is one of the founders and is Chairman of the Board of V & J Holdings, Inc.

22. Individuals can apply for positions at any of the restaurants that V & J Employment owns and operates at www.vjfoods.com.

23. Pizza Hut of Am. depends on their franchise and corporate-owned locations selling and delivering pizzas under detailed operating standards, and its profits and financial wellbeing depends in large part upon the success of the franchise locations.

24. As part of the operating standards for the franchises, Pizza Hut of Am. promulgates and implements employment policies including compensation, hiring, training, and management policies for all of their locations, including V & J Employment' locations.

25. Pizza Hut of Am. maintains control over many aspects of V & J Employment's locations that directly related to Plaintiffs, and the Class Members' (defined below) employment, including specifying the uniforms, equipment and supplies they use, setting their delivery areas, monitoring the delivery times, and detailing the methods and procedures for performing their work.

26. Individuals who are applying for a position with any Pizza Hut location throughout the United States may complete the same online employment application on the Pizza Hut website: www.pizzahut.com.

27. Pizza Hut of Am. provides franchises, including V & J Employment, materials for use in training store managers and employees, and provides posters with directions on how employees perform tasks (*e.g.*, how to build a pizza).

28. Pizza Hut of Am. develops and maintains hiring policies, including systems for screening applications, interviewing and assessing employment applications for V & J Employment's locations.

29. If it concludes V & J Employment is doing so, Pizza Hut of Am. has the ability to stop any violations of its operating standards by terminating or threatening to terminate the franchise agreements with V & J Employment.

30. Pizza Hut of Am. has, upon information and belief, conducted periodic operating standards reviews at V & J Employment's locations to ensure they are complying with the operating standards.

31. Pizza Hut of Am. monitors V & J Employment employees' performance through required computer hardware and software.

32. Pizza Hut of Am. establishes the menus and food prices for V & J Employment.

33. V & J Employment employed Plaintiffs Mason, Clute, Kahler and Adams and the Class Members (defined below).

34. V & J Employment employed Plaintiff Mason as a pizza delivery driver from 2004 to September 2010 at the Pizza Hut located at 1628 Union Street, Schenectady, New York.

35. V & J Employment employed Plaintiff Clute as a pizza delivery driver from 2007 to 2008 and again from 2012 to 2014 at the Pizza Hut located at 1820 Altamont Avenue, Schenectady, New York.

36. V & J Employment employed Plaintiff Adams as a pizza delivery driver from 2009 to the present at two Pizza Hut locations in Schenectady, New York, including 1628 Union Street, Schenectady, New York.

37. V & J Employment employed Plaintiff Clute as a pizza delivery driver from 2009 to June 2013 at the Pizza Hut located at 1820 Altamont Avenue, Schenectady, New York.

38. As a pizza delivery driver, Plaintiffs Mason, Clute, Adams, and Kahler delivered pizzas, bread sticks and other items to V & J Employment's customers.

39. At any one time, Plaintiffs Clute, Mason, Kahler and Adams were working with between 2 and 10 other pizza delivery drivers at their respective locations.

40. A high turnover rate exists with pizza delivery drivers, with some quitting and others getting fired.

41. V & J Employment imposes a mandatory "delivery fee" that ranges from $2.50 to $2.75 on customers when a driver makes a delivery; the different amount depends upon the location. The delivery fee is within the range of what an objectively reasonable customer pays as a tip to a pizza delivery driver and a reasonable customer would expect the delivery fee to be paid to the driver as a gratuity.

42. V & J Employment charges its customers the same delivery fee, regardless of whether they order online using the Pizza Hut website, or the Pizza Hut mobile application.

43. Neither the Pizza Hut website nor mobile application explain to the customer the purpose of the delivery fee (*e.g.*, a fuel surcharge, tolls, overhead, etc.), or that V & J Employment is retaining some or all-of-the fee.

44. It was not up until, in or about, 2013 did Pizza Hut's website state the total amount being charged to a customer does not include tip.

45. It was not up until, in or about, August 2015 did Pizza Hut's application state the total amount being charged to a customer does not include tip.

46. V & J Employment does not remit to the drivers 100% of the delivery fee; they retain some or all-of-the fee.

47. Plaintiffs did not receive 100% of the charged delivery fee.

48. Class Members did not receive 100% of the charged delivery fee.

49. When customers place their order online or through the mobile application, the Pizza Hut website and application automatically display the amount due including the delivery fee, but do not permit customers to add a gratuity in the amount of their choosing.

50. When they place their order online or through the mobile application, the customers are now informed the total "does not include tip. Please remember to show your appreciation to your driver." Customers reasonably believe this language to mean the website lacks the technology for them to add an additional gratuity in an amount of their choosing, which is over and above the "delivery fee."

51. Before and after the changes to them, Pizza Hut's website and application would have the reasonable customer believe the "delivery fee" is a gratuity.

52. V & J Employment misleads customers to believe 100% of the delivery fee is a gratuity.

53. On numerous occasions, customers have told Plaintiffs they thought the delivery fee is a gratuity.

54. From personal experiences and conversations with other Class Members, Plaintiffs know that they, like them, infrequently received gratuities directly from customers.

55. Customers infrequently gave drivers gratuities because they reasonably believed the automatic delivery fee was their gratuity.

56. All drivers have direct face-to-face customer interaction and engage in customer service when they make deliveries.

57. All drivers are the type of employees who customarily and regularly receive tips from customers.

58. V & J Employment accepted and retained gratuities belonging to Plaintiffs Clute, Mason, Kahler, Adams and the Class Members.

59. As a result of V & J Employment's acceptance and retention of gratuities belonging to Plaintiffs Clute, Mason, Adams, Kahler and the Class Members, they were deprived of gratuities the Labor Law guarantees them.

60. V & J Employment paid Plaintiffs Clute, Mason, Kahler and Adams the statutory minimum wage.

## CLASS ACTION ALLEGATIONS

61. Plaintiffs Clute, Mason, Adams, and Kahler on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom V & J Employment is employing and has employed in the State of New York as a "pizza delivery driver" at any time since June 28, 2010 to the entry of judgment in this case, who were non-exempt employees within the meaning of the Labor Law, and who had direct face-to-face customer interaction.

62. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within V & J Employment's sole control, upon information and belief, more than 100 Class Members exist.

63. Plaintiffs Clute, Mason, Adams, and Kahler's claims are typical of the Class's, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

64. V & J Employment has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. Plaintiffs Clute, Mason, Adams, and Kahler are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

66. Plaintiffs Clute, Mason, Adams, and Kahler have the same interest in this matter as all other Class Members and their claims are typical of Class Members.

67. Common questions of law and fact exist as to the Class that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a. whether V & J Employment employed Plaintiffs Clute, Mason, Adams, Kahler and the Class Members within the meaning of the Labor Law;

b. whether the delivery charge is a gratuity within the meaning of the Labor Law;

c. whether V & J Employment unlawfully retained Plaintiffs Clute, Mason, Adams, Kahler and the Class Members' gratuities;

d. whether V & J Employment is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

e. whether V & J Employment should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION

NEW YORK LABOR LAW – UNLAWFULLY RETAINED GRATUITIES
(Brought on behalf of Plaintiffs Clute, Mason, Adams, Kahler and the Class Members)

68. Plaintiffs Clute, Mason, Adams, and Kahler repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

69. V & J Employment is an employer within the meaning of N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiffs Clute, Mason, Adams, Kahler and the Class Members.

70. The mandatory delivery fee is a gratuity that belongs to the delivery personnel. *Samiento v. World Yacht*, 10 N.Y.3d 70, 883 N.E.2d 990, 854 N.Y.S.2d 83 (N.Y. 2008).

71. Plaintiffs Clute, Mason, Adams, Kahler and the Class Members are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy that violates the Labor Law has been applied and continues to be applied to all pizza delivery drivers in the State of New York.

72. Plaintiffs Clute, Mason, Adams, Kahler and the Class Members are eligible to receive tips under the Labor Law as the principal and regular part of their duties is to have direct customer service.

73. As a result of V & J Employment's acceptance and retention of gratuities belonging to Plaintiffs Clute, Mason, Adams, Kahler and the Class Members, those employees were deprived of gratuities the Labor Law guarantees them.

74. V & J Employment has willfully violated N.Y. LAB. LAW § 196-d by unlawfully retaining the delivery fees, which are gratuities that should be remitted to the Class Members.

75. Due to V & J Employment's violations of the Labor Law, Plaintiffs Clute, Mason, Adams, Kahler and the Class Members are entitled to recover from V & J Employment their unlawfully retained gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Clute, Mason, Adams, and Kahler, on behalf of themselves and the Class Members, respectfully request this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs Clute, Mason, Adams, and Kahler and their counsel to represent the Class Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

c. An injunction against V & J Employment and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award for all unlawfully retained gratuities under the Labor Law;

e. An award of liquidated damages as a result of the V & J Employment's willful and unlawful retention of gratuities under the Labor Law;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
June 28, 2016

BRONSON LIPSKY LLP

Douglas Lipsky (Bar No. 516831)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
212.392.4772
dl@bronsonlipsky.com

Jeffrey M. Gottlieb
nyjg@aol.com
Dana L. Gottlieb
danalgottlieb@aol.com
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
212.228.9795

*Attorneys for Plaintiffs*